02-10-125-CR















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00125-CR

 

 


 
 
 JIMMIE FRANK DITTO
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Jimmie Frank Ditto pled
guilty to indecency with a child by fondling. 
In accordance with the plea bargain between appellant and the State, the
trial court sentenced appellant to seven years’ deferred adjudication community
supervision.  Several months later, the
State filed a motion to adjudicate, alleging, among other things, that
appellant had been discharged unsuccessfully from sex offender counseling and that
appellant had been in contact with children in violation of his community
supervision.  Appellant pled true to
these two allegations.  The trial court
heard evidence about the two allegations,[2]
adjudicated appellant guilty, and recessed the proceedings for the preparation
of a presentence investigation report (PSI) requested by appellant.

          At the continued hearing, the trial
court took judicial notice of the clerk’s record and the PSI, which the trial
court reviewed before the hearing.  After
hearing argument from the State and appellant’s counsel, the trial court
assessed appellant’s punishment at eleven years’ confinement.

          Appellant’s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  In the brief, counsel avers
that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the
requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no arguable grounds for relief.  See
Stafford v. State, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App.
1991).  This court afforded appellant the
opportunity to file a brief on his own behalf, but he did not.

          Once an appellant’s court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record to see
if there is any arguable ground that may be raised on his behalf.  See id.
at 511.  Only then may we grant counsel’s
motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We have carefully reviewed the record
and counsel’s brief.  We agree with
counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005).  Consequently,
we grant the motion to withdraw and affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

                                                                             

 

PANEL:  LIVINGSTON, C.J.; 
 
 
 
 
 
 DAUPHINOT and 
 
 
 
 
 
 GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 30, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant’s
counsel was able to elicit evidence that appellant had suffered a stroke about
ten years before being placed on deferred adjudication community supervision
and that, at times, he seemed confused.